IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADR1ASSIST, LLC,<br><br>    Plaintiff,<br><br>         v.<br><br>LIMA ONE CAPITAL, LLC,<br><br>    Defendant. | Civil Action No.<br>1:20-cv-05184-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Lima One Capital, LLC's (Lima One) motion to dismiss [ECF 21]. After careful consideration of the parties' briefing, the Court **GRANTS IN PART and DENIES IN PART** Lima One's motion.

**I.   BACKGROUND**

The Court accepts the following well-pled allegations as true for purposes of this Order.[1] Plaintiff Adr1assist, LLC (Adr1assist), on behalf of itself and others similarly situated, brings claims against Lima One for delaying delivery of loan funds and charging interest on the funds prior to delivery.[2] Adr1assist alleges that

---

[1]   *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[2]   ECF 15, at ¶¶ 1, 10–12, 14.

it entered into an Interest Only Balloon Note (the Note) with Lima One on Friday, December 23, 2016, but did not receive the loan funds until the following Tuesday, December 27, 2016.[3] Despite this delay, Lima One began charging interest on the loan on December 23.[4] Adr1assist claims that by delaying delivery of the funds for four days, Lima One breached the loan agreement,[5] breached the implied covenant of good faith and fair dealing,[6] and violated O.C.G.A. § 44-14-13.[7]

Lima One has moved to dismiss Adr1assist's Amended Complaint for failure to state a claim upon which relief can be granted.[8] Adr1assist filed a response in opposition to Lima One's motion,[9] to which Lima One replied.[10] Lima One's motion is fully briefed and ripe for consideration.[11]

---

[3]  *Id.* ¶¶ 10–12.

[4]  *Id.* ¶ 13.

[5]  *Id.* ¶¶ 25–34.

[6]  *Id.* ¶¶ 35–45.

[7]  *Id.* ¶¶ 46–51.

[8]  ECF 21.

[9]  ECF 26.

[10]  ECF 27.

[11]  On December 16, 2021, in response to the Court's Order to show cause, Adr1assist demonstrated the citizenship of each named party so that the Court could evaluate diversity. After review of Adr1assist's response, the Court finds that it has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2).

**II.   LEGAL STANDARD**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

#### A. Documents Considered on a Motion to Dismiss

The parties dispute what documents the Court can consider in ruling on Lima One's motion. Lima One's motion cites the Amended Complaint and the exhibits thereto, including the Note and the HUD-1 settlement statement.[12] Adr1assist attached to its response a declaration and several documents related to the loan.[13] Lima One objects to the Court's consideration of these documents, arguing that the Court is limited to the facts contained in the pleadings and attached exhibits and that Adr1assist seeks to amend its pleading through its opposition brief.[14] The Court agrees with Lima One.

On a motion to dismiss, the Court is limited to the facts contained in the complaint and any exhibits attached thereto. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007). Generally, if the Court considers materials outside of the complaint on a motion to dismiss it must convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). The Court can consider documents attached to a motion to dismiss

---

[12] ECF 15-1 and ECF 15-2.

[13] ECF 26–1; ECF 26-2; ECF 26-3; ECF 26-4; ECF 26-5.

[14] ECF 27, at 8–12.

without conversion if the documents are (1) central to the plaintiff's claim; and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) ("Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity.").

The Court may not, however, consider new documents that are attached to a response in opposition to a motion to dismiss, particularly when the documents or their substance are not referenced in the complaint. *Pulmonary Assocs. of Charleston PLLC v. Greenway Health, LLC*, 508 F. Supp. 3d 1268, 1274 (N.D. Ga. 2020) (declining to consider documents attached to a response to a motion to dismiss). Doing so would effectively allow the party to amend its pleading through its response, which is improper. *Jallali v. Nova Se. Univ., Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012). Accordingly, the Court will limit its consideration to the Amended Complaint and the two attachments to the Amended Complaint.

### B.   **Breach of Contract**

Adr1assist alleges that Lima One breached the loan agreement by failing to fund the loan on December 23, 2016 and by charging interest on the loan starting

on December 23.[15] Lima One moved to dismiss Adr1assist's claim for breach of contract because no provision in the Note required it to deliver funds on the closing date and because Adr1assist agreed to the interest accruing on December 23.[16] Adr1assist responds that the HUD-1 settlement statement of the loan listed the disbursement date as December 23, and that Lima One breached the "time is of the essence" provision in the Note.[17] With regard to the interest accrual date, Adr1assist argues that the Note clearly states that interest is paid in return for "a loan received," and so interest must only accrue after delivery, and that Lima One's interpretation of the Note violates Georgia public policy.[18]

### 1. The Settlement Statement (HUD-1)

Lima One is correct that the Amended Complaint fails to allege what contract provision required Lima One to deliver the funds on December 23, 2016. This alone is grounds for dismissal. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (plaintiff failed to state a claim because it failed to "allege[ ] any general or specific provision of any contract that [the defendant] might have

---

[15]  ECF 15, ¶ 28.

[16]  ECF 21-1, at 12–14.

[17]  ECF 26, at 15–16, 20–21.

[18]  *Id.* at 18–20, 23–25.

breached"). Adr1assist now argues that the HUD-1 settlement statement, a government required disclosure form reflecting details of the loan, states that the disbursement date was December 23, 2016, and that this is enforceable.[19]

The Court is not persuaded that Lima One is contractually bound by the disbursement date listed on the HUD-1 settlement statement, which appears to be for informational purposes, is not referenced in the Note, contains no promises, and does not appear to be assented to by either party. O.C.G.A. § 13-3-1 (describing the essentials of a contract under Georgia law); s*ee Villanueva v. First Am. Title Ins. Co.*, 313 Ga. App. 164, 166 (2011) (declining to decide whether HUD-1 settlement statements were part of the contract but citing authority questioning or rejecting this proposition). In fact, in arguing that blanks on the HUD-1 form cannot evidence the nature of the loan, Adr1assist recognizes that the form is not part of and cannot contradict the loan agreement.[20] At most, the HUD-1 settlement statement constitutes parol evidence of the parties' intent, which the Court cannot consider unless the written agreement is ambiguous. *Moore v. Lovein Funeral Home, Inc.*, 358 Ga. App. 10, 13 (2020).

---

[19]   *Id.* at 15.

[20]   *Id.* at 13–14.

The cases cited by Adr1assist in support of its position are distinguishable. In *Primary Capital Advisors, LC v. My Title Professionals, Inc.*, the parties did not dispute whether distributing the loan proceeds "in the manner set forth on the final HUD-1 Settlement Agreement" was a breach of contract, and so the court did not address the issue. No. 1:10-CV-02745-JOF, 2012 WL 13001930, at *5 (N.D. Ga. May 8, 2012). Similarly, in *Golden v. Ameriquest Mortgage Co.*, the defendant did not dispute that it entered into a contract with the plaintiff that contained the same disbursement terms as the HUD-1 form. No. 406CV036, 2006 WL 8434067, at *4–5 (S.D. Ga. July 19, 2006). Thus, the court did not decide whether the HUD-1 form itself was a contract. *Id.*

As the disbursement date listed on the HUD-1 form is neither an enforceable agreement on its own nor a term of the loan agreement, Adr1assist has failed to state a claim that Lima One breached an express provision of its contract with Adr1assist by delivering the funds on December 27 as opposed to December 23.

### 2. The "Time is of the Essence" Provision

Adr1assist also argues that Lima One breached the "time is of the essence" provision of the contract by delaying delivery of the loan proceeds for four days

after the Note was executed.[21] Lima One claims that delivering the funds on Tuesday, December 27 was reasonable because the funds were delivered the first business day after the closing.[22]

"When a contract is missing a term indicating the time for performance, a reasonable time for performance will be implied. This is so even if the contract has a time-is-of-the-essence provision. . . . Generally, what is reasonable time is a question of fact for the jury." *IH Riverdale, LLC v. McChesney Cap. Partners, LLC*, 280 Ga. App. 9, 13–14 (2006) (citations omitted). Here, the Note is silent on the date for delivery of the loan proceeds, and therefore Lima One's delivery on December 27 must have been reasonable under the circumstances in order to avoid breaching the contract. The Court cannot decide as a matter of law that the delay in delivery was reasonable, particularly given the Georgia legislature's expressed interest, at least for purchase money and refinance loans, in having lenders deliver funds on or before closing, O.C.G.A. § 14-4-13(d), and that Lima One charged interest on the loan before delivery. Adr1assist has therefore stated a claim for breach of contract related to the time of performance.

---

[21] *Id.* at 20.

[22] ECF 21-1, at 20–21.

### 3. Georgia Law on Interest Accrual

Lime One moved to dismiss Adr1assist's breach of contract claim related to interest accrual because the Note provides that interest would start to accrue on December 23, 2016.[23] Adr1assist responds that, under the terms of the Note and Georgia law, interest could not accrue on the loan until after the proceeds were delivered.[24] Adr1assist also argues, generally, that allowing interest to accrue prior to delivery of the loan proceeds violates Georgia public policy. The Court interprets this latter point as an argument that, to the extent the Note does require accrual of interest prior to delivery, that provision is void.[25]

Adr1assist cites the provision in the Note that states "[i]n return for a loan received, Adr1assist LLC . . . promises to pay [the principal] in United States Dollars, plus Interest (as defined below)."[26] The Note later defines interest as "accru[ing] daily from and after the date hereof on the unpaid Principal."[27] The Court must construe the two provisions harmoniously. *Arnsdorff v. Papermill Plaza, LLC*, 326 Ga. App. 438, 440 (2014) ("The court must consider the contract as a

---

[23]  ECF 21-1, at 22.

[24]  ECF 26, at 16–20.

[25]  *Id.* at 23.

[26]  ECF 15, at 12 (Section 1).

[27]  *Id.* (Section 2).

whole, give effect to each provision, and interpret each provision to harmonize with each other.") (citation and punctuation omitted). Adr1assist argues that because it promised to pay interest "in return for a loan received" its interest obligation was not triggered until the loan was actually received.[28] However, Adr1assist expressly promised, in exchange for the loan, that it would pay the principal and interest as defined in the Note.[29] The Note defined interest to "accrue daily from and after the date hereof."[30] "The date hereof" was December 23, 2016.[31] Under these terms, even if Adr1assist's obligation to pay was not triggered until delivery of the loan proceeds, it agreed to pay the interest as defined by the Note, which started accruing on December 23, 2016.

The Court is similarly unpersuaded by Adr1assist's argument that the agreement for interest to accrue on December 23, 2016 is unenforceable as a matter of law. Adr1assist cites several cases in which a loan was found to be usurious because the lender calculated interest on amounts not actually borrowed. *Bank of Lumpkin v. Farmers' State Bank*, 161 Ga. 801 (1926) (loan was usurious for charging

---

[28] ECF 26, at 16.

[29] ECF 15, at 12 (Section 1).

[30] *Id.* (Section 2).

[31] *Id.*

interest on amount kept with lender on deposit); *Williams v. Powell*, 214 Ga. App. 216, 218 (1994) (calculating interest on fictitious amount was usurious); *Price v. Guardian Mortg. Corp.*, 137 Ga. App. 519, 520 (1976) (note with acceleration provision requiring payment of unearned interest could be usurious). These cases are inapplicable because Adr1assist has not alleged that the loan was usurious and because the entire loan amount on which the interest was calculated was intended to be, and in fact was, paid to Adr1assist as a lump sum.

By the express terms of the Note, the parties intended for interest on the principal of the loan to accrue on the date the Note was executed and, therefore, Adr1assist fails to state a claim that Lima One breached its contract with Adr1assist by calculating interest beginning on that date.

### 4. Other Contract Claims

Adr1assist also attempts to assert two new breach of contract claims in its opposition brief. First, Adr1assist claims that Lima One breached Section 3(A) of the Note by failing to apply prepayments either to the principal or accrued interest.[32] It also claims that Lima One is actively violating its ongoing contractual duty, under Section 5 of the Note, to refund unlawful charges.[33] The Eleventh

---

32  ECF 26, at 21–22.

33  *Id.* at 22.

Circuit has "repeatedly [ ] held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr.*, Inc., 600 F. App'x 657, 665 (11th Cir. 2015). As neither of these claims was asserted in the Amended Complaint, the Court will not consider them.

### 5. Breach of Implied Covenant of Good Faith and Fair Dealing

Lima One has moved to dismiss Adr1assist's claim for breach of the implied covenant of good faith and fair dealing, arguing that Adr1assist has not adequately pled breach of an express term of the contract, which is required to state a claim for breach of the implied covenant.[34] Adr1assist argues in response that Georgia courts permit independent claims for breaches of the implied covenant of good faith and fair dealing.[35]

Adr1assist is incorrect. Under Georgia law, though "[e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement," this covenant "is not an independent contract term." *Centennial Vill., LLC v. Fulton Cnty. Sch. Dist.*, 369 Ga. App. 616, 616 (2021) (citations omitted). The implied covenant "modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms *de facto* when performance is

---

[34] ECF 21-1, at 23.

[35] ECF 26, at 26–29.

maintained *de jure.*" *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990). In other words, the "implied promise becomes a part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions that it modifies and therefore cannot provide an independent basis for liability." *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1243 (11th Cir. 2019) (citations and punctuation omitted). Accordingly, "[a] plaintiff 'must set forth facts showing a breach of an actual term of an agreement' to state a claim for breach of the implied duty of good faith and fair dealing." *Id.* (citations omitted).

As the Court has found that Adr1assist failed to adequately allege that Lima One breached an express provision of the contract, its claim for breach of the implied covenant of good faith and fair dealing claim also fails. This is true despite the Court's ruling that Adr1assist stated a claim for breach of contract related to the reasonable time for performance, which, like the implied covenant of good faith and fair dealing, is an implied duty. Georgia law requires an alleged breach of an actual, express contract term to state a claim for breach of the implied duty of good faith, which Adr1assist has not done.

### C.    O.C.G.A. § 44-14-13

Finally, Lima One moved to dismiss Adr1assist's claim under O.C.G.A. § 44-14-13 because Adr1assist did not allege that the loan was a purchase money loan

or a refinance loan.[36] Adr1assist asserts that the loan at issue is a refinance loan,[37] though it also suggests that the terms of the loan agreement apply to either a purchase money loan or a refinancing loan.[38] The loan cannot be both, and so the Court will limit its consideration to whether the Amended Complaint adequately alleges that the loan was a refinance loan.

O.C.G.A. § 44-14-13(d) requires lenders to deliver loan funds to the settlement agent "at or before the loan closing." This requirement only applies to "purchase money loans made by a lender, or refinance loans made by the current or a new lender," which are secured by deeds or mortgages. O.C.G.A. § 44-14-13(b). Neither type of loan is defined by the statute. But the meaning of "refinance loan" is plain. It refers to exchanging "an old debt for a new debt." *Refinancing*, BLACK'S LAW DICTIONARY (11th ed. 2019).

Nothing in the Amended Complaint or the attached exhibits present facts that, if accepted as true, would support a finding that the loan is a refinancing loan. The Amended Complaint refers to the loan only as an "Interest Only Balloon

---

[36] ECF 21-1, at 13–20.

[37] ECF 26, at 11–13.

[38] *Id.* at 12–13.

Note,"[39] and though the Note refers to a certain secured property, nothing in the Note refers to the loan at issue being a refinancing loan. Further, Lima One is correct that the settlement statement fails to reflect that Adr1assist had an existing loan that it intended to refinance.[40] Adr1assist's argument relies on the documents attached to its response in opposition,[41] which the Court has excluded from its consideration. The Amended Complaint therefore fails to allege that the loan at issue was either a purchase money loan or a refinance loan, and Adr1assist's claim for violation of O.C.G.A. § 44-14-13 must be dismissed.

---

[39]   ECF 15, ¶ 7.

[40]   ECF 15, at 18 (lines 503, 504, and 505).

[41]   ECF 26, at 12–13.

## IV. CONCLUSION

Lima One's motion to dismiss [ECF 21] is **GRANTED IN PART** and **DENIED IN PART**. Adr1assist's claims for breach of the HUD-1 disbursement date, for breach of the implied covenant of good faith and fair dealing, and for violating O.C.G.A. § 44-14-13 are **DISMISSED WITHOUT PREJUDICE**. Adr1assist may proceed with its claim that Lima One failed to deliver the loan proceeds within a reasonable time.

**SO ORDERED** this 10th day of January, 2022.

Steven D. Grimberg
United States District Court Judge